SHANNON *et al. v.* PICKELL *et al.*

*(Supreme Court, General Term, Fifth Department.* October, 1891.)

PARTITION—COSTS—ALLOWANCE TO DEFENDANTS.

> On appeal from the taxation of costs, in an action for partition, it appeared that the interlocutory judgment directed a sale of the premises, and that the rents and profits for which defendants were held accountable should be offset against their respective shares of the proceeds of the sale. On an accounting the amount of such rents and profits was found to exceed the amount of such shares. Issue was joined on the liability of defendants for such rents and profits, and on the trial was decided against them. Reference was made to settle the form of the final judgment, and to report what, if any, costs and additional allowances should be made to the attorney for any of the parties. *Held,* that defendants were entitled to their taxable costs before notice of trial, the amount paid by them to the referee, and the allowance made them by the referee; Code Civil Proc. N. Y. § 1579, providing "that, where final judgment confirming a sale is rendered, the costs of each party to the action, and the expenses of the sale, including the officer's fees, must be deducted from the proceeds of the sale, and each party's costs must be paid to his attorney; but the court may, in its discretion, direct that the costs and expenses of any trial, reference, or other proceeding in the action be paid out of the share of any party in the proceeds, or may render judgment against any party therefor."

Appeal from special term.

Action by Robert H. Shannon and wife against John W. Pickell and others for partition, and judgment was entered for plaintiffs. From the taxation of defendants' costs on report of referee, and confirmation of referee's report, plaintiffs appeal. For former report, see 8 N. Y. Supp. 584.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*E. F. Bullard* and *Geo. Wadsworth,* for appellants. *J. A. Van Derlip,* for respondents

DWIGHT, P. J. The interlocutory judgment in an action for partition directed a sale of the premises, and that the rents and profits for which the six defendants in question were held to account should be offset against their respective shares of the proceeds of the sale. On the accounting the amount of such rents and profits was found to exceed the amount of such shares. The question of the liability of those defendants for such rents and profits, with interest thereon, was one of the issues joined and tried in the action, and all the issues were decided adversely to them. After the determination of the issues, a reference was made to Oscar Craig, Esq., "to settle the form of the final judgment, and also to report what, if any, costs and additional allowances should be granted to the attorneys for any of the parties." The referee reported that the plaintiffs, having succeeded on the trial of the issues, were entitled to costs, of course, under section 3238 of the Code, and that none of the defendants were entitled to costs under that section. But he reported, in effect, that, under section 1579 of the Code, it was competent for the court to allow some taxable costs and additional allowances to parties who, though defeated on the issues, had contributed, by their appearance and their watchfulness, to the correct result of the proceedings. Accordingly he allowed to the six defendants "taxable costs to be adjusted by the clerk," and an additional allowance of $200. To this report the plaintiffs filed exceptions— *First,* in that it did not determine that the costs recoverable by the defendants should not include the costs of the trial of the issues joined in the action; *second,* in that it did not specify the costs to which the defendants were entitled. The report of the referee was confirmed by the court at special term. Under the order thus made the defendants procured their costs to be taxed by the clerk at the sum of $758.84, which included the costs and disbursements of two trials and of one appeal to the general term. To these items the plaintiffs objected as not being properly allowable under the report of the referee, Mr. Craig, and, those objections being overruled, they moved for a retaxation of the defendants' costs, and from the order of special term

denying that motion the first of these appeals was taken. Later, and for greater caution, the plaintiffs also appealed from the order which overruled their exceptions to the report of Mr. Craig on the question of costs, and confirmed that report. We think the latter appeal was unnecessary, for the reason that, upon examination of that report, it seems not to bear the construction given to it by counsel for the defendants, and by the clerk upon the taxation of the defendants' costs, but rather to support the contention of the plaintiffs in respect to the costs properly allowable to the defendants. In his report, when he states that he allows taxable costs to the defendants to be adjusted by the clerk, the referee says: "But I am of opinion that such taxable costs cannot embrace costs of either trial or appeal, for the reason that, as already stated, no defendant was a party to the issues tried or argued on appeal except the said six defendants, the heirs of John Pickell, deceased, against whom the judgment on such issue is rendered. I am of opinion that section 1579 should not be construed with section 3228 so as to extend to any of the defendants in this suit the costs expressly given to the plaintiffs only." It is to be observed also that the order of the general term on the first appeal from the interlocutory judgment, which reversed that judgment for a supposed error in the admission of evidence on the first trial, granted a new trial, with costs to abide the event; and the event of the new trial and of the second appeal was the final judgment in favor of the plaintiffs on all the issues in the action. We think the effect of the report of the referee on the question of the defendants' costs was clearly misapprehended by the clerk, and that the taxation of those costs should have been limited to those not objected to by the plaintiffs, which included the costs before notice of trial, the amount paid by them to the referee, Mr. Craig, and the additional allowance of $200, aggregating the sum of $289. The order first appealed from, denying plaintiffs' motion for retaxation, should be reversed, and the judgment modified as above indicated, with costs of this appeal to the plaintiffs against the defendants, and the appeal from the order confirming the report of the referee should be dismissed, without costs of such appeal to either party. Appeal from the order confirming the report of referee dismissed, without costs to either party. Judgment modified by striking out from the costs taxed in favor of the six defendants, heirs of John Pickell, all except the sum of $289.60, and as so modified affirmed, with $10 costs and the disbursements of the appeal to be paid by the said six defendants. All concur.